ROCHESTER *vs.* TAYLOR and DAVIS.

Where, in an action upon a promissory note, against the maker and indorser, the
indorser sets up the defense that the note was indorsed by him for a particular
purpose, and no other, for the accommodation of the maker, and that there has
been a diversion of the note to a different purpose; and the answer alleges that
when the plaintiff received the note he had notice of the object and purpose of
the indorsement, this constitutes *prima facie* a good defense to the indorser;
and it is not necessary for him to allege, in his answer, that he has been *in-
jured* by the diversion.
It is incumbent upon the plaintiff to show that the indorser has *not* been injured.

DEMURRER to the answer of the defendant Davis. The
complaint was on a promissory note, dated October 23,
1855, made by the defendant Taylor, payable to the order of
the defendant Davis, for $250 at sixty-three days, payable at the
Rochester City Bank. After setting forth the note, the com-
plaint stated : " And that thereupon the defendant, Zimri L.
Davis, at the request of said Taylor, and for his, said Taylor's
accommodation, indorsed in blank the said note. And the plain-
tiff further states that afterwards, and before the maturity of
said note, to wit, on the 24th day of October, 1855, the plain-
tiff, at the request of said Taylor, lent and advanced to him,
said Taylor, two hundred and fifty dollars, and that said Taylor
then and there at the same time, for the purpose of securing to
the said plaintiff the payment of said sum so lent and advanced,
and in consideration thereof, transferred and delivered said note,
so indorsed as aforesaid, to the plaintiff, and that the plaintiff
is now the holder and owner thereof." The complaint then al-
leged the due demand and non-payment of the note, and notice
thereof to the defendant Davis ; and that the note and the sum
so lent and advanced, remained wholly due and unpaid, and
demanded judgment for the amount of the note and interest.

The defendant Davis put in a separate answer which stated,
" that on or about the 23d day of October, 1855, the defendant
Ezra Taylor applied to this defendant for his indorsement upon
the note upon which this action is founded, for the purpose of
renewing a certain promissory note which had been before that
time made by said Taylor and by him procured to be dis-

Rochester *v.* Taylor.

counted, and upon which the said Davis was security, as indorser, for the sum of two hundred and fifty dollars, then due or nearly due, and payable at the Rochester City Bank. That this defendant then, upon the said Taylor's so agreeing to use and apply said note, indorsed the same for that purpose and not otherwise, of all which the plaintiff then had due notice. That said Taylor thereafter, as this defendant is informed and believes, delivered the said note to the plaintiff as collateral security for the payment of a check drawn by said Taylor upon some bank or banking house, for the sum of two hundred and fifty dollars, then held by the plaintiff, and before that time delivered to the plaintiff by said Taylor, and then and now held by said plaintiff; which is the only transfer then or ever made of said note to the plaintiff. The plaintiff demurred to this answer for insufficiency, and specified the following grounds of demurrer : "1. The said answer does not contain facts sufficient to constitute either a defense, counter-claim or set-off. 2. It does not allege or show that the defendant Davis has ever sustained any damage, injury or disadvantage, by reason of the matters therein stated, or any of them. 3. It does not show or allege that he has ever been charged as indorser on the note mentioned in his answer as due or nearly due at the time he indorsed the note mentioned in the complaint ; nor that he has ever been compelled to pay such other note. 4. It does not allege or show that said note, other than that mentioned in the complaint, has not been paid by said Taylor ; nor that it has not been surrendered to said Davis or paid or canceled by said Taylor ; nor that it has not been so surrendered, paid or canceled by said Taylor before the commencement of this action."

*T. C. Montgomery*, for the plaintiff.

*T. Mathews*, for the defendant Davis.

WELLES, J. The answer shows that the note on which the action is brought was indorsed for the purpose of renewing a previous one of the same amount, made by the defendant Taylor,

then due or nearly due, on which the defendant Davis was security as indorser, and that this was done by the defendant Davis at the request and for the accommodation of the defendant Taylor, and under an agreement by the latter to use and apply it for that purpose and no other. The answer also shows a diversion of the note to another and totally different purpose; and that when the plaintiff received it he had notice of the object and purpose of the indorsement.

The plaintiff, however, insists that the answer fails to show that the defendant has been injured by the diversion. This was not necessary to be stated in the answer. If the note has accomplished, substantially, the purpose for which the defendant indorsed it, that would be a good answer to the alleged diversion. Here, as the pleadings show, was a clear diversion, which was *prima facie* a defense to the indorser. The defendant Davis did not, by indorsing the note, intend to increase his liability. If, instead of renewing the old note, as was contemplated, Taylor procured the one in question to be discounted, and applied the proceeds to the payment of the old one, that would have been a substantial compliance with the agreement, and not a diversion. But it was incumbent upon the plaintiff to show it, or set up some facts, either in a reply or at the trial, which would relieve the case of the objection that there had been a diversion. *Non constat* that the first note is not still in existence, and the defendant liable upon it. The diversion is clearly shown; and the answer to it, namely, that the indorser has not been prejudiced by it, should be as clearly shown.

There must be judgment for the defendant Davis, on the demurrer, with leave to the plaintiff to reply or go to trial upon the complaint and answer, upon payment of costs of the demurrer.

[MONROE ADJOURNED SPECIAL TERM, June 10, 1856, *Welles*, Justice.]